UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUDY FLEMING,

                        Plaintiff,

        -against-

COMMISSIONER OF THE DEPARTMENT OF
CORRECTIONAL AND COMMUNITY
SUPERVISION, (DOCCS); DIRECTOR OF
C.E.R.T. UNIT; DIRECTOR OF SPECIAL
OFFICE OF INVESTIGATION, (OSI);
SUPERINTENDENT MILLER; T. MAID;
JOHN/JANE DOES,

                    Defendants.

25-CV-8322 (JGLC)

ORDER OF SERVICE

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who currently is incarcerated at Green Haven Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights when members of a Correctional Emergency Response Team ("CERT") used excessive force against him. Plaintiff names as Defendants the Commissioner of the Department of Corrections and Community Supervision ("DOCCS"); Green Haven Correctional Facility Superintendent Mark Miller; the Director of the Office of Special Investigations ("OSI"); the Director of the CERT Unit; T. Maid, a CERT Unit member; and the Doe Defendants who allegedly assaulted Plaintiff.

By order dated March 30, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] As set forth in this order, the Court (1) directs the Clerk of Court to add as a defendant, Daniel F. Martuscello III, as the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Commissioner of DOCCS, under Rule 21 of the Federal Rules of Civil Procedure; (2) directs service on Commissioner Martuscello, Superintendent Miller, the OSI Director, the CERT Unit Director, and CERT Unit member Maid; (3) directs the New York State Attorney General to identify the CERT Unit members whom Plaintiff alleges assaulted him; and (4) applies Local Civil Rule 33.2 to this case.

## DISCUSSION

**A.      Adding as a defendant, Daniel F. Martuscello III, as the Commissioner of DOCCS**

Plaintiff names as a defendant the DOCCS Commissioner. In light of Plaintiff's *pro se* status and clear intention to assert claims against Commissioner Martuscello, the Court directs the Clerk of Court to amend the caption of this action to add Daniel F. Martuscello III, as the Commissioner of DOCCS. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Commissioner Martuscello may wish to assert.

**B.      Service on Commissioner Martuscello, Superintendent Miller, and CERT Member Maid**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on each Defendant until the Court reviewed the complaint and ordered that a summons for each Defendant be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants Martuscello, Miller, the OSI Director, the CERT Unit Director, and Maid through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C.    Identifying unidentified Doe Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the CERT Unit members who allegedly assaulted Plaintiff on October 5, 2023, as described in the complaint. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of DOCCS, must ascertain the identity and badge number of each Doe Defendant whom Plaintiff seeks to sue here and the address where the defendant may be served.[3] The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

---

[3] If the Doe Defendant is a former DOCCS employee or official, the Attorney General must provide a residential address where the individual may be served.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**D.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, assuming Defendants do not file a dispositive motion, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

<strong>CONCLUSION</strong>

The Clerk of Court is directed to add as a defendant, Daniel F. Martuscello III, as the Commissioner of DOCCS. *See* Fed. R. Civ. P. 21.

The Clerk of Court is instructed to issue a summons for Martuscello, Miller, the OSI Director, the CERT Unit Director, and Maid; complete the USM-285 form with the address for

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

each of these Defendants; and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: New York Attorney General, Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY, 10005.

Local Civil Rule 33.2 applies to this case.

SO ORDERED.

Dated:   April 16, 2026
         White Plains, New York

_____
JESSICA G. L. CLARKE
United States District Judge

5

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    DOCCS Commissioner Daniel F. Martuscello III
      New York State Department of Corrections and Community Supervision
      1220 Washington Avenue
      Building 2, State Campus
      Albany, New York 12226-2050

2.    Superintendent Mark Miller
      Green Haven Correctional Facility
      594 Rt. 216
      Stormville, NY 12582

3.    Director, Office of Special Investigations
      Green Haven Correctional Facility
      594 Rt. 216
      Stormville, NY 12582

4.    Director, Correctional Emergency Response Team
      Green Haven Correctional Facility
      594 Rt. 216
      Stormville, NY 12582

5.    T. Maid, CERT Unit member
      Green Haven Correctional Facility
      594 Rt. 216
      Stormville, NY 12582